JOHN F. COOK v. PARTHENIA THORNHILL.

Where a lunatic, domiciliated in the State of Virginia, and having there a committee of her estate, sued in Mississippi by her next friend and recovered certain slaves, and by the same next friend sued the same defendant for the same slaves in this State, whither they had been removed pending the litigation in Mississippi, it was held that the record of the judgment in the State of Mississippi established the right of the plaintiff to recover in the name and capacity in which she now sued.

Where a judgment is recovered by a lunatic in another State, suing by her next friend, an action on the judgment may be maintained in this State by the lunatic suing by the same next friend.

A judgment of a State Court has the same credit, validity and effect, in every other Court in the United States, which it had in the State where it was pronounced ; and whatever pleas would be good to a suit thereon in such State, and none others, may be pleaded in any other court in the United States.

Where a lunatic sues by her next friend, a plea that the estate of the lunatic is in charge of a committee by whom, if at all, the suit ought to be brought, is a plea in abatement, not going to the jurisdiction of the Court, and must be sworn to.

Error from Galveston.   Action by the defendant in error by her next friend, Alexander Tennell, against the plaintiff in error, to recover two certain slaves named George and Jack-

son. There was no statement of facts, but it appeared from the petition and from the record of an action in the State of Mississippi between the same parties, which was made a part of the petition, that the slaves belonged to the plaintiff, say in 1830, in the State of Virginia, where the plaintiff resided, and was a lunatic with a committee of her estate duly appointed ; that in 1835 said slaves were taken by a brother of the plaintiff to Mississippi, where he treated them as his own, and where they, together with another slave, were sold on an execution against him in 1840, and purchased by the defendant in this suit for the sum of $1640 ; that the plaintiff, by her next friend, Elijah Thornhill, (the same as whose property the slaves had been sold,) for whom Alexander Tennell was afterwards substituted, sued the defendant in Mississippi and recovered judgment against him for the slaves or for a certain amount, their value, and for the use of the same to the time of the trial, which was in 1846.

This action was brought to recover the slaves, or their value, together with the amount adjudged in Mississippi for their use, and for the value of their use since that time.

The defendant pleaded in abatement, not sworn to, that the plaintiff, Parthenia, was domiciliated in Virginia, and that her estate was at the commencement of this suit and still is in charge of one ———— Ross, who was and yet is the committee of her estate, duly appointed according to law. To this plea the Court sustained a general exception.

The defendant also pleaded in general terms that the judgment was obtained in Mississippi by fraud ; and at his request the Court instructed the jury that if said judgment was obtained by the fraud of the plaintiff's next friend, or Alex. Tennell, it was void.

Verdict and judgment for the plaintiff.

*W. Alexander*, for plaintiff in error. As the lunatic was domiciliated in the State of Virginia, and as she had a committee of her estate in that State, the Court in Mississippi

had no jurisdiction over either her person or her estate. Nor had the Court below, from whence this case comes up. A lunatic living in one State and having a committee of her estate there, cannot sue by a next friend in another State, where neither she, her committe, or her next friend reside. Such a thing as a foreign next friend is unknown to the law.

Idiots and lunatics must appear by the committees of their estates, when they have any. (Mitford's Eq., p. 28 ; Stock on *non compotes mentes*, 34; Lube's Eq. Pl., 22, 42.

If Parthenia Thornhill resided in this county, and if an inquest were held and a guardian appointed in some other county in Texas where she did not reside, would not this Court hold, in a suit instituted by such guardian, upon proof of the fact that she resided here, (by analogy to the case of Lovering v. McKinney & Williams, 8 Tex. R., 521,) that his letters of guardianship would be void for want of jurisdiction ? Does not the same principle apply to this case ?

*Jones & Ballinger*, for defendant in error. The second ground of error assigned is, that the Court erred in sustaining the exceptions to the plea in abatement.

We maintain, 1st. The plea should have been sworn to. Unless it was a plea to the jurisdiction of the Court or its truth appeared of record, affidavit of its truth was necessary. (Hart. Dig. 690.)

2nd. The facts stated in the plea were not sufficient to abate the suit. They are wholly immaterial, taking everything in favor of the plea. The committee appointed in Virginia was no party to this suit. His authority is territorial, confined to the limits of the State or government appointing him, and extending to no property or right of action situated or to be enforced in another jurisdiction. Admitting his right to sue in Virginia, he could not sue in Texas. (Shelford on Lunacy, 396, marginal.)

But the committee could not have sued even in Virginia.

It was a legal right as distinguished from equitable. And at law the rule is that the lunatic sues in person, and the committee has no right of action unless the contract be made with him. (Shelford on Lunacy, 395; Stock on *non compotes mentes*, 33; Crane v. Anderson, 3 Dana, 119; Cameron's committee v. Pottinger, 3 Bibb, 11.)

We have seen that her committee could not sue, nor could she sue here by her committee. (Shelford on Lunacy, 396.) How then could she sue here? Admitting that the Courts of this State had jurisdiction to appoint a committee, (which may well be questioned,) we have seen that the committee appointed here, would not be a proper party to the suit. The rule laid down in the law books is that idiots sue by next friend, lunatics in person or over full age by attorney. But when a lunatic is thus mentioned it is used in a legal sense; it does not mean the state of mind in ordinary acceptation, but the *legal status* of the person. Whether or not a person is lunatic is a legal question, to be determined by inquisition, and no one is, in law, a lunatic unless so found.

Parthenia Thornhill, then, with respect to the laws of Texas and the Courts of this country, is not a lunatic. It might be she would so be found upon proper investigation. She is a person of weak and incompetent mind.

Thus persons technically lunatics, sue in person and defend by guardian, if within age; in person, if of full age at law. (Shelford on Lunacy, 395, 396; Stock on *non compotes mentes*, 33.)

They sue in equity when found lunatic by inquisition, by committee or by information by the Attorney General, or by some other person on their behalf, the main object being to have some one responsible for costs. (Stock on *non compotes mentes*, 34.) Persons not strictly lunatics sue by next friend. (Stock on *non compotes mentes*, 35; Shelford on Lunacy, 416.)

Even admitting that she is to be considered lunatic and could sue by attorney, the interposition of a next friend would

be merely surplusage, and would not vitiate.   The suit is by attorney.

WHEELER, J.   The record of the judgment recovered in the State of Mississippi establishes the right of the plaintiff to recover, in the name and capacity in which she now sues.   Her right to sue by her next friend  was matter material and traversable in that suit; and as to that matter the judgment is final and conclusive.   (1 Greenl. Ev. 528, 548.)

It cannot be pretended that the Court in Mississippi had not jurisdiction to try and determine the question of the right of the plaintiff to sue and recover in the action brought there, by her next friend ; and having jurisdiction of the parties and the subject matter, its judgment was conclusive of that question there ; and is entitled to the same effect when suit is brought upon it in this State. (13 Peters R. 312.)   A judgment of a State Court has the same credit, validity and effect in every other Court in the United States, which it had in the State where it was pronounced ; and whatever pleas would be good to a suit thereon in such State, and none others, may be pleaded in any other Court in the United States.   (3 Wheat. 234.)   If this suit upon the judgment had been brought in the State of Mississippi, it will not be pretended that the defendant could question and bring again into litigation the right of the plaintiff to sue.   No more can he do so in this suit.   The plea in abatement, if otherwise admissible and sufficient, was bad because not verified by affidavit.   It was not a plea to the jurisdiction, nor did its truth appear by the record.   (Dig. Art. 690.)

The transcript of the record from the County Court of Fauquier county, Virginia, was rightly excluded, for the reason that it was not pertinent to any issue which was, or could be made in the case.

There was no evidence of any fraud practiced in obtaining the judgment sued on ; and the rulings of the Court upon that

subject are therefore wholly immaterial.    The judgment is
affirmed.

Judgment affirmed.