## WALKER v. GARLAND et al.
### (Nos. 267–3490.)

(Commission of Appeals of Texas, Section B. Jan. 4, 1922.)

**1. Appeal and error ⬥854(2)—Judgment not reversed because based on erroneous reason.**

The Supreme Court will not reverse a judgment of the trial court or of the Court of Civil Appeals, if, considering the whole case, the judgment is right, though an erroneous reason or ground may have been assigned for entering it.

**2. Judgment ⬥929—Action not maintainable on foreign judgment in favor of intervener foreclosing lien before final disposition of case.**

Under Rev. St. art. 1997, providing that only one final judgment shall be rendered, and article 2000, relative to judgments foreclosing liens, a foreign judgment rendered in favor of an intervener, foreclosing a mortgage and providing that it should be a lien on described property second only to a mortgage in favor of the plaintiff upon which decree of foreclosure was to be rendered, and that, if not paid, an order of sale should issue, subject, however, to the judgment and decree to be rendered for plaintiff, was not a final judgment on which an action could be maintained under the full faith and credit clause of the United States Constitution, especially where the proceeds of a sale of the described property have not been applied on the judgment.

**3. Judgment ⬥822(3)—Foreign judgment conclusive on the merits.**

A judgment rendered by a competent court having jurisdiction in one state is conclusive on the merits in the courts of every other state, when made the basis of an action, and the merits cannot be reinvestigated.

**4. Judgment ⬥815—Foreign judgment not conclusive unless final.**

Before a judgment rendered in one state is entitled to acceptance in the courts of another state as conclusive on the merits, it must be a final judgment, and not merely an interlocutory decree.

**5. Mortgages ⬥556—No action on judgment until deficiency ascertained.**

A judgment foreclosing a mortgage, even if final, cannot be sued on until the proceeds of the mortgaged property have been applied thereon and the balance due thereon definitely ascertained.

**6. Judgment ⬥929—Foreign judgment must create definite indebtedness.**

In order that an action may be maintained on a judgment of a sister state, the judgment must be of such a nature as to create a definite and absolute indebtedness.

**7. Evidence ⬥35—Effect of foreign judgment determined by local laws when foreign laws not proved.**

The force and effect given to an Oklahoma judgment must be determined by the laws of Texas, where no proof was made of any construction given thereto by the laws of Oklahoma.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by W. J. Walker against D. N. Garland and others. A judgment for defendants was affirmed by the Court of Civil Appeals (220 S. W. 399), and plaintiff brings error. Affirmed.

Gaines & Corbett, of Bay City, for plaintiff in error.

J. W. Conger, of San Antonio, and W. E. Davant, of Bay City, for defendants in error.

HAMILTON, J. Plaintiff in error, W. J. Walker, brought suit in the district court of Matagorda county, Tex., against D. N. Garland, Inez Garland, his wife, J. C. Barr, and Ollie Lou Barr, his wife, upon a judgment rendered May 12, 1917, in the district court of Oklahoma county, Okl., in favor of Walker as intervening plaintiff in the suit of Union Trust Company et al. v. D. N. Garland et al., numbered 13315 on the docket of said court. The petition alleges that the amount of the judgment is $8,662.50, with interest thereon from May 12, 1917, and all costs; that no part thereof has been paid or satisfied; and prays for judgment therefor against each of the defendants and for general relief. There was attached to and filed with the petition a transcript of the proceedings in the Oklahoma court, duly authenticated, as required by section 906 of the Revised Statutes of the United States (U. S. Comp. St. § 1520).

The judgment upon which the suit is based, omitting preliminaries, is as follows:

"It is therefore, by the court, ordered, adjudged, and decreed that the intervener and cross-petitioner, W. J. Walker, have and recover judgment of and from the defendants Daniel N. Garland, Inez Garland, his wife, and J. C. Barr, and Ollie Lou Barr, his wife, in the sum of $8,662.50, together with interest thereon from this date, at the rate of 6 per cent. per annum until paid, together with all costs of this action taxed at $———, and that the same be and hereby is adjudged and decreed to be a lien on the property hereinbefore described, second only to a mortgage on the same property in favor of the Union Trust Company, upon which decree of foreclosure is to be rendered in this case.

"It is further considered, ordered, adjudged, and decreed by this court that the said mortgage deed, given on the 25th day of May, 1912, be and the same is hereby foreclosed upon the real estate hereinbefore described, and that in event the judgment herein rendered in favor of the said W. J. Walker be not paid or satisfied within six months from the 12th day of May, 1917, that an order of sale issue out of the clerk's office of this court, directed to the sheriff of Oklahoma county, Okl., commanding him to advertise and sell as upon execution without appraisement the following described property located in Oklahoma City,.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in Oklahoma county, Okl., to wit: [Description of property given.]

"This order of sale is made, however, subject to the judgment and decree in favor of the Union Trust Company hereafter to be rendered in the cause, and that the said sheriff is directed to pay out from the proceeds of said sale: (1) All court costs and costs of sale; (2) the amount of the judgment herein rendered in favor of W. J. Walker, and that the balance, if any, be brought into court to abide the further orders of the same."

Defendants' pleadings were long and unimportant, because no proof was offered to sustain them.

The trial court heard all the pleadings and all the evidence, and at the conclusion sustained defendants' plea to the jurisdiction and dismissed the suit. The Court of Civil Appeals affirmed the judgment on the ground that the judgment of the Oklahoma court, on which the suit was brought, was not a final judgment. Plaintiff in error made application for and secured a writ of error, and the cause has been assigned for consideration and recommendation.

No evidence was introduced in the trial of the case except the authenticated judgment, upon which the suit was brought, and section 5153 of the Revised Laws of Oklahoma, providing that, if execution shall not be sued out within five years from the date of a judgment, it shall become dormant.

[1] The Supreme Court will not reverse a judgment of the trial court or of the Court of Civil Appeals, if, considering the whole case, the judgment is right, although an erroneous reason or ground may have been assigned for entering it. Therefore plaintiff in error's complaint at the action of the Court of Civil Appeals in affirming the judgment of the trial court, notwithstanding it held the trial court in error in its ground of dismissal, is without legal basis, if the judgment was correct on any ground. Avery v. Popper & Bro., 92 Tex. 337, 48 S. W. 572, 49 S. W. 219, 50 S. W. 122, 71 Am. St. Rep. 849; T. & P. Ry. Co. v. Purcell, 91 Tex. 585, 44 S. W. 1058.

[2] The judgment of the trial court properly disposed of the case, though it had jurisdiction, because the judgment of the district court of Oklahoma is not a final judgment when its force and effect are measured by the laws of Texas. In so far as this record shows, the final determination of the case as between the original parties has not been had.

"We know of no authority in Texas that authorizes an intervener to bring up a case on appeal in this state before such final disposition of the case as between these parties. To permit such a practice would cause the remedy of intervention to produce a multiplicity of suits relating to the same subject matter, instead of preventing a multiplicity of suits which is the main object of that remedy. Such a judgment as this could not be consid-

ered on appeal in Texas." Eccles v. Hill, 13 Tex. 65.

Judgment held in abeyance until an undetermined issue is tried is not a final judgment. Linn v. Arambould, 55 Tex. 620.

"A decree of sale in a foreclosure suit, which settles all the rights of the parties and leaves nothing to be done but to make the sale and pay out the proceeds, is a final decree for the purposes of an appeal." Grant v. Phœnix Ins. Co., 106 U. S., 429, 1 Sup. Ct. 414, 27 L. Ed. 237.

But as yet there is in this case no decree of sale. The court decreed that W. J. Walker have and recover judgment, and "that the same be and hereby is adjudged and decreed to be a lien on the property hereinbefore described, second only to a mortgage on the same property in favor of the Union Trust Company, upon which decree of foreclosure is to be rendered in this case," and then proceeds to order the sale, except for the conclusion, which is as follows: "This order of sale is made, however, subject to the judgment and decree in favor of the Union Trust Company hereafter to be rendered in the cause."

"Only one final judgment shall be rendered in any cause, except where it is otherwise * * * provided." Article 1997, Rev. Civ. Stat. of Texas.

The intervener's judgment is not final, nor would the judgment between the plaintiff and defendants in the main case be a final judgment. The final judgment must be one only, and must dispose of all the issues and of the rights of all the parties, including the intervener.

Again, article 2000 of the Revised Civil Statutes of Texas, governing judgments of foreclosure of liens, is as follows:

"Judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on property subject thereto, and, except in judgments against executors, administrators and guardians, that an order of sale shall issue to the sheriff or any constable of the county where such property may be, directing him to seize and sell the same as under execution, in satisfaction of the judgment; and, if the property cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to make the money, or any balance thereof remaining unpaid, out of any other property of the defendant, as in case of ordinary executions."

In construing this article, Judge Williams says:

"Much light is thrown upon the meaning and purpose of article 1340 [now 2000] by the history of the development of the law regulating the collection of balances, called 'deficiencies,' due on mortgage debts after exhaustion of the property given to secure them. Originally the

mortgagee could only enforce his mortgage against the property. Later it was established that if he had a bond or obligation for the debt collateral to the mortgage, he might, after application of the proceeds of the mortgaged property, maintain an action at law thereon for any balance unpaid. Afterwards, by statute, rule of court, or otherwise, it became the practice in some jurisdictions for the creditor, after the foreclosure and sale of the property and the return thereof showing the result, to apply to the court which decreed the foreclosure for a deficiency judgment; and, in other jurisdictions for the judgment of foreclosure to provide for a report of the sale, the application of the proceeds, and the issuance of execution for any balance ascertained in that way. The last was the procedure in this state (P. D. art. 1480), prior to the revision of 1879, when the further advance shown in article 1340 was made. To all of these practices one prominent requirement is common, and that is that the foreclosure sale is to be made, the proceeds applied and the deficiency thus mathematically ascertained before any proceeding against the property of the debtor other than that mortgaged is allowed. This is true whether the fact is to be ascertained by the court as the basis of a deficiency judgment, or by the clerk or referee as the basis of a deficiency execution authorized by the decree of foreclosure. Jones on Mortgages (6th Ed.) §§ 1709a et seq., 1920; Freer v. Tupper, 21 S. C. 81; McCall v. Rogers, 77 Ala. 349; Freeman on Execution, § 10; 27 Cyc. 1746, 1751–2, 1754, 1756, 1760–1.

"Neither the court nor the clerk is allowed by such statutes to estimate in advance the proceeds that will probably result from a sale and award judgment or execution for a probable balance."

Bailey v. Block, 104 Tex. 101, 134 S. W. 323.

Since this is true, even the court of Oklahoma, which rendered the judgment sued on here, supposing it, as we must, to be governed by the same laws as those of Texas, because there is no proof to the contrary, could not determine the amount to be collected by execution on the judgment until the proceeds of the sale are applied on the judgment. In other words, the portion of the judgment, for the satisfaction of which sources other than the mortgaged property may be resorted to, is so indefinite that it cannot be collected by resort to other sources until the mortgaged property is sold and the proceeds thereof credited on that judgment. But if plaintiff in error may be permitted to secure a judgment of a court in Texas for the amount of the whole judgment, necessarily without reference to the mortgage, because the courts of Texas have no power to decree any disposition of land in Oklahoma, then he would be permitted to do, by an indirect process, what the courts of Texas will not permit him to do directly. If judgment can be rendered ignoring the mortgage, execution may issue ignoring the application of the proceeds of the mortgage. The laws of this state do not so permit. The judgment is not final, and therefore is not such a one as is embraced in the full faith and credit clause of the Constitution of the United States.

[3, 4] A judgment rendered by a competent court, having jurisdiction in one state, is conclusive on the merits in the courts of every other state, when made the basis of an action and the merits cannot be reinvestigated. Our own Supreme Court so holds. Cook v. Thornhill, 13 Tex. 293, 65 Am. Dec. 63. But before such a judgment rendered in one state is entitled to acceptance, in the courts of another state, as conclusive on the merits, it must be a final judgment and not merely an interlocutory decree. Freeman on Judgments, § 575; Baugh v. Baugh, 4 Bibb (7 Ky.) 556; Brinkley v. Brinkley, 50 N. Y. 184, 10 Am. Rep. 460; Griggs v. Becker, 87 Wis. 313, 58 N. W. 396.

"It is now held by all the state courts, following the lead of the federal decisions, that a judgment rendered by a competent court, having jurisdiction in one state, is conclusive on the merits in the courts of every other state, when made the basis of an action or defense, and the merits cannot be reinvestigated.

"In order, however, that a judgment rendered in one state should be accepted as conclusive on the merits in the courts of another state, it is necessary that it shall be a final judgment, not merely interlocutory, and that it shall be a valid and subsisting judgment in the state of its rendition, that is, not adjudged void, or vacated, or reversed, nor superseded by an appeal, and that it shall have been given upon a trial of the action on the merits, except in cases of judgment by confession or upon default, which are just as conclusive as those rendered upon a trial. These conditions being met, the form of the judgment or the nature of the proceeding in which it was rendered is not generally material; and the rule applies as well to decrees in equity as to judgments at law."

23 Cyc. 1553–1555.

[5] If it were a final judgment, it is in no condition to be sued on in Texas until the proceeds of the mortgaged property have been applied thereon and the balance due thereon definitely ascertained. Bailey v. Block, supra.

[6] In order that an action may be maintained on a judgment of a sister state, such judgment must be of a nature to create a definite and absolute indebtedness. 23 Cyc. pp. 1559, 1560.

[7] The force and effect given to the judgment must be determined by the laws of Texas, because no proof was made of any construction given thereto by the laws of Oklahoma.

"A judgment of a state court, in a cause within its jurisdiction, and against a defendant lawfully summoned or against lawfully attached property of an absent defendant, is entitled to as much force and effect against the person summoned or the property attached, when the

question is presented for decision in a court of another state, as it has in the state in which it was rendered."

But:

"Whenever it becomes necessary for a court of one state, in order to give full faith and credit to a judgment rendered in another state, to ascertain the effect which it has in that state, the law of that state must be proved, like any other matter of fact." Hanley v. Donoghue, 116 U. S. 1, 6 Sup. Ct. 242, 29 L. Ed. 535.

Under the laws of Texas the judgment was not final and was not of a nature to create a definite and absolute indebtedness against the judgment defendants.

Therefore we recommend that the judgment of the Court of Civil Appeals affirming the judgment of the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes