## McDANIEL v. BELT.
### No. 3910.

Court of Civil Appeals of Texas. Amarillo. Nov. 23, 1932.

Dan P. Chisholm and Underwood & Strickland, all of Amarillo, for plaintiff in error.

Henry L. Ford, of Amarillo, for defendant in error.

MARTIN, J.

The parties will be designated herein as in the trial court.

Plaintiff, A. McDaniel, sued the defendant, J. S. Belt, in the county court at law of Potter county on an Oklahoma judgment which had been assigned to him.

Barker Lumber Company, a corporation, sued J. S. Belt, defendant herein, A. McDaniel, plaintiff herein, and C. L. Faubion and wife in the district court of Cleveland county, Okl., alleging, in substance, that said Belt was indebted to the said lumber company in the sum of $504.80 for lumber and building material purchased by said Belt, and that said lumber company had a materialman's lien upon a certain lot in the town of Norman, Okl.; and alleging further that McDaniel and Faubion and wife claimed an interest in said property. The portions of said judgment which affect the law questions discussed are here set out:

"The Court further finds that the lien of plaintiff upon said real estate as above set forth is prior and superior to any right, title, interest or estate of said defendants and each of them.

"It is therefore considered, ordered, adjudged and decreed by the Court that the plaintiff have judgment against the defendant J. S. Belt, for the sum of Five Hundred Four and 80/100 Dollars (504.80) with interest thereon from the 9th day of September, 1921, at the rate of six per cent. (6%) per annum, for the further sum of Fifty and No/100 ($50.-00) and for all costs of this action.

"It is further considered, ordered, adjudged and decreed by the Court that plaintiff has a lien upon the real estate and premises hereinabove described to the amount of said judgment as above set forth, and that an order of sale issue to the sheriff of said county and state commanding him to advertise and sell according to law the real estate and premises above described, and that the proceeds from the sale of said real estate be applied as follows:

"First: To the payment of any and all taxes legally levied and assessed against said property.

"Second: To the payment of the costs of this action.

"Third: The payment and satisfaction of plaintiff's judgment, including interest and attorney's fees.

"Fourth: The balance, if any, to be paid into court for the use and benefit of said de-

fendants according to their interests therein."

It appears from the transcript of the record of said Oklahoma proceedings that the lumber company made McDaniel, C. L. Faubion and his wife, parties because of the assertion by them of a "claim, right, title or interest in or to the said premises above described, the exact nature of which is unknown to plaintiff, but that the right, title or interest, if any, of said defendants or either of them is inferior and subject to the interest and lien of this plaintiff."

No description of their interest further than the above appears in any of the proceedings in said cause.

J. S. Belt filed an answer which attacked the validity of the materialman's lien and which contained in addition a general denial and an allegation that the property in controversy had been conveyed to a third party. McDaniel and Faubion and wife filed an answer containing a general denial and alleging that on the 12th day of May, 1920, Belt and wife conveyed said property to A. McDaniel, and containing further allegations intended as an attack upon the validity of the materialman's lien. To these answers the lumber company filed a general denial.

This pleading is here referred to for the purpose of showing that it was made an issue in Oklahoma of whether or not Belt had conveyed this property and whether or not the defendants in said suit claimed or had any interest therein. As will be noted, plaintiff sued defendant Belt alone, alleging in his petition that a general execution had issued, but not alleging the issuance of a special execution, known in our law as an order of sale.

Upon the trial of the case in Potter county, a warranty deed dated in 1920 from J. S. Belt to A. McDaniel was introduced, conveying the property upon which the lumber company foreclosed its lien. This deed and a transcript of the proceedings in Oklahoma was all the evidence introduced on the trial of this case. The date of the Oklahoma judgment was September 12, 1922, and the date of the assignment of said judgment to McDaniel was in January of the following year. It further appears that a general execution was issued on this judgment in January, 1927, by the district court of Oklahoma. No order of sale, or special execution, was ever issued.

The county court at law of Potter county, before whom this case was tried, rendered judgment for the defendant and in his judgment made the following findings:

"(1) That the Oklahoma judgment herein sued on is a final judgment, having disposed of all the issues raised and the rights of all parties involved in that suit.

"(2) That the Oklahoma judgment was a personal judgment against defendant Belt, and not merely a judgment of foreclosure against the property, or a judgment in rem;

"(3) That, although the Oklahoma judgment was a final judgment against defendant J. S. Belt, and a judgment in personam, no suit can be maintained thereon in this state until the property has been sold as ordered by the judgment of the Oklahoma Court, the proceeds applied to the discharge of the judgment, and the deficiency made certain;

"(4) That the Oklahoma judgment was dormant at the time this suit was filed, and that for that reason it will not support this action."

These findings are under attack by plaintiff and will sufficiently illustrate the legal issues before this court.

It is definitely settled that a judgment of a sister state may not be made the basis of a suit in Texas unless it is final. Walker v. Garland (Tex. Com. App.) 235 S. W. 1078; Freeman on Judgments, § 575.

We think the Oklahoma judgment upon which this suit is based determined all issues and disposed of all parties, leaving nothing to be done except to make the sale and distribute the proceeds, and hence is a "final judgment" as that term has been judicially defined. Grant v. Phoenix Life Ins. Co., 106 U. S. 429, 1 S. Ct. 414, 27 L. Ed. 237; Ware v. Jones (Tex. Com. App.) 250 S. W. 663, 665.

The above judgment is lacking in finality only in the sense that the step necessary to take in order to definitely ascertain the balance due by Belt has not been made. This does not affect its validity. Ware v. Jones. supra. Being a final judgment, it is entitled to acceptance in this state under the "full faith and credit clause of the Constitution of the United States" and is binding and conclusive on the merits which may not here be inquired into or reinvestigated. Cook v. Thornhill, 13 Tex. 293, 65 Am. Dec. 63; Griggs v. Becker, 87 Wis. 313, 58 N. W. 396. We must therefore presume, particularly in the absence of a contrary showing, that the Oklahoma court had before it facts which justified its findings. We cannot in this proceeding look behind such judgment to ascertain the sufficiency of the evidence to support same, nor notice any procedural errors which could have been, but were not, made the basis of an appeal from same. In no sense can we permit ourselves to assume the role of a reviewing court regarding such matters. We are forced to accept this judgment as we find it. Hence we must here assume that facts were before the trial court in Oklahoma which justified its decree for the sale of the Oklahoma property and the distribution of the proceeds to all the defendants, including the defendant Belt. This necessarily constituted at least an implied finding that Belt then owned such an interest in this property as

entitled him to have it sold and its proceeds distributed. If the facts then were as now contended for by plaintiff, no such judgment should have been rendered. Not having moved to set aside or modify such judgment in the original forum where entered, plaintiff cannot here impeach it. If Belt owned no interest in this property but same was owned, under successive warranty deeds by McDaniel and Faubion, such a finding should have been made in the Oklahoma court with an appropriate order following it, but instead a finding of what is impliedly the opposite of this was permitted to go unchallenged and is here attempted to be contradicted apparently for the first time.

Plaintiff in his first supplemental petition filed in the trial court in Potter county alleged: "That in the original case there was no issue by the defendant as to the ownership of the property or as to ownership of any surplus of proceeds in the event of sale under special execution. The record showed that Belt had sold the property to McDaniel under a general warranty deed and with a specific warranty that said property was free and clear of all liens and encumbrances. * * * That likewise McDaniel sold the property to defendant Faubion with a warranty and an identical specific warranty as to encumbrances and that any surplus of proceeds from the sale of any real estate would have belonged solely to C. L. Faubion."

If these allegations were true, plaintiff would have been entitled to a judgment, in our opinion, in the trial court, as we have no doubt that the law will look through the form of a judgment to its substance and not require the doing of a vain and useless thing, as would be the case in the sale of this property in which Belt had no interest and the title to which he had fully warranted. As pointed out above, the issues were such in the trial court in Oklahoma as would support a finding contrary to the above, and such a finding was in fact made. If Belt had an interest in such property and the proceeds of the sale of same, he was entitled to have the property sold and the proceeds applied on his debt and the deficiency thus made mathematically certain before an execution could issue against him and before he could be made to respond in a suit of this character. This is the rule in both Texas and Oklahoma. Neuhardt v. Miller, 148 Okl. 298, 298 P. 890; Tyer v. Cole, 118 Okl. 279, 248 P. 601; Walker v. Garland (Tex. Com. App.) 235 S. W. 1078; Bailey v. Block, 104 Tex. 101, 134 S. W. 323.

A general execution could not issue under such judgment in advance of the sale, for neither the court nor the clerk is allowed to estimate in advance the proceeds that will probably result from a sale and award judgment or execution for a probable balance. Bailey v. Block, 104 Tex. 101, 134 S. W. 323.

No proceeding against the property of a debtor, other than that mortgaged, is allowed until a foreclosure sale is made, the proceeds applied, and the balance due by such debtor mathematically made certain. Walker v. Garland (Tex. Com. App.) 235 S. W. 1078; Jones on Mortgages (6th Ed.) §§ 1709a et seq., 1920.

In the absence of a sale of this property as ordered by the court, the liability of Belt for a fixed amount has not been ascertained and made certain, and we are therefore of the opinion that the trial court correctly entered judgment for the defendant.

We judge from the oral argument made before us that the facts really are as claimed by plaintiff, and if we could here follow our inclination instead of what we conceive to be the law, we would not hesitate to reverse and render this case. We cannot here exercise, however, the prerogative of either a trial or reviewing court, of the Oklahoma proceedings.

The judgment is affirmed.