**HOMELAND REALTY CO. v. WHEELOCK et al.**

**No. 3710.**

Court of Civil Appeals of Texas. El Paso.

July 14, 1938.

Rehearing Denied Aug. 12, 1938.

Geo. T. Burgess and John F. Murphy, both of Dallas, for appellant.

Knox W. Sherrill, of Dallas, and Lawrence Treadwell, of Corsicana, for appellees.

NEALON, Chief Justice.

July 16, 1926, W. E. Painter and wife executed and delivered a deed of trust conveying Lot 13, in Block B/2170 in the City of Dallas to secure the Federal Mortgage Company in the payment of their note for $5,500, due in three installments, two of said installments being in the sum of $500 each, due, respectively, in one and two years after the date of the note, and one being in the sum of $4,500, due in five years. By mesne conveyances the property passed to R. L. Wheelock, one of appellees. Mr. Wheelock's deed, which was dated March 1, 1927, recited that the lot was taken "subject to all and any indebtedness now due and owing on said property." No specific indebtedness was identified in the deed, but the debt to the Federal Mortgage Company was the only indebtedness secured by a lien upon the property. In April, 1928, the City of Dallas levied an assessment of $642.85 for paving the street upon which the lot abuts and fixed a lien upon the lot and a personal liability against appellee Wheelock. An assessment certificate was issued. The assessment was payable in six equal annual installments, four of which were paid by Wheelock during the time that he owned the property. He also paid the two $500 installments upon the note. In 1932 the deed of trust was foreclosed by a sale made by a duly constituted trustee, and the property

was bought at the trustee's sale by appellant for a consideration of $3,000, which was credited upon the note, appellant at the same time taking the deed of trust and the note. The parties have agreed that the special assessment lien was a prior lien as compared with the deed of trust lien which was foreclosed.

The City of Dallas filed suit for the use and benefit of the present owner of the special assessment certificate and sought foreclosure thereof and a personal judgment against Wheelock for the amount of the assessment, together with interest and attorney's fees. Appellant and Wheelock were made parties defendant and filed answers. Appellant pleaded that Wheelock, in taking the property subject to the indebtedness, did, as a matter of law, bind himself "that the holder of said indebtedness would obtain its full indebtedness out of said property before said property should be made to respond to the obligation or liability of the said Wheelock," and sought to have the court require plaintiff below to resort to the personal liability of Wheelock, who was alleged to be amply solvent, before subjecting the described property to the lien of the special assessment certificate. Wheelock by appropriate pleadings contested appellant's claim. It was stipulated that Wheelock was solvent and had property situated in Texas subject to execution and free of exemptions and encumbrances of greater value than the amount of plaintiff's debt.

The case was tried to the court, which rendered judgment that the plaintiff, City of Dallas, have judgment against Wheelock for the amount of the balance due on the certificate, together with interest, that the judgment be decreed and established to be a first and prior lien upon the land involved and be foreclosed, that order of sale issue directing the sheriff to sell the property as under execution and apply the proceeds of such sale to the payment and satisfaction of the judgment, delivering the excess, if any, to appellant. From said judgment the Homeland Realty Company prosecutes this appeal.

### Opinion.

■ Appellant's second assignment of error states the entire theory upon which it bases its contention that the judgment rendered in this case should be reversed. That assignment reads:

"The Court erred in not rendering judgment providing that the indebtedness should be first collected out of Wheelock personally under execution, and that the property should not be sold in satisfaction of the judgment, unless and until Omaha National Bank was unable to collect the amount of the judgment under execution as against Wheelock."

The assignment is without merit. Wheelock, in purchasing the land, did not assume the payment of the whole or any part of the debt now owned by appellant. He bought "subject to all and any indebtedness now due and owing on said property." He is, therefore, not personally liable for any part of said debt. Fidelity Union Ins. Co. v. Cain, Tex.Civ.App., 28 S.W.2d 833; Slaughter v. Morris, Tex.Civ.App., 291 S.W. 961; Kansas City Life Ins. Co. v. Hudson, Tex. Civ.App., 71 S.W.2d 574. Wheelock incurred no contractual liability toward appellant. He is under no obligation to pay the debt due appellant.

■ It is true that the special assessment made him liable personally to the owner of the special assessment certificate, but that owner is not required to waive its lien against the property involved and proceed against him personally. The principle of marshaling securities invoked by appellant has no application. Appellant is not a creditor of Wheelock. The assessment certificate is a lien upon no other property. The land in controversy is responsible primarily for the payment of the debt evidenced by the assessment certificate, the lien of which appellant admits is prior to its deed of trust lien. Wheelock has a right to have this land subjected to the lien before its owner proceeds against his other property. Bailey v. Block, 104 Tex. 101, 134 S.W. 323; Harris v. Masterson, 91 Tex. 171, 41 S.W. 482; Walker v. Garland, Tex.Com.App., 235 S.W. 1078; Boggs v. Farmers' Fund of Texas, Tex.Civ.App., 37 S.W.2d 205; Farmers' & Merchants' State Bank v. Cameron, Tex. Com.App., 231 S.W. 738. The judgment, which conforms to the provisions of Article 2218, Revised Civil Statutes 1925, Vernon's Ann.Civ.St. art. 2218, protects him in that right, and was proper under the pleadings and the agreed facts.

Appellant's assignments of error are overruled, and the judgment of the district court is affirmed.