DR. M. L. WEINFIELD V. HILL COCKE.

No. 6595. Decided April 15, 1936.
Rehearing overruled May 20, 1936.
(92 S. W., 2d Series, 1017.)

354

*Bruce W. Teagarden,* of San Antonio, for plaintiff in error.

There having been no sale under the first order of sale under a judgment for taxes, a subsequent sale would pass no title to the purchaser. Ballard v. Carmichael, 83 Texas, 365; Johnson v. Timmons, 50 Texas, 521; Pool v. Foster, 49 Texas, 923.

*E. B. Cocke,* of San Antonio, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was brought by Dr. M. L. Weinfield, who will be designated as plaintiff, against Hill Cocke, herein referred to as defendant. It was in the nature of trespass to try title to a lot of land in the City of San Antonio, and to remove cloud from title.

It is admitted that prior to the year 1918 plaintiff was the owner of the lot in question. The State and county taxes for that year became delinquent, and in December, 1919, suit was brought by the State of Texas to recover same and to foreclose the tax lien against the land. Judgment in the sum of $25.35 with interest at 6 per cent per annum was properly rendered and a foreclosure was decreed, with direction that the clerk issue order of sale as provided by law.

On July 18, 1920, the district clerk issued an order of sale in compliance with the judgment and the statutes, and under directions of the county attorney the same was returned by the sheriff on September 15, 1920, "not executed."

A second order of sale was issued by the clerk on August 1, 1921, and under this writ the lot in question was advertised for sale September 6, 1921. On that day the sheriff, by his deputy, offered the lot for sale and although "there was no bidder for the land," neither the county attorney nor the sheriff

bid the land off to the State for the amount of taxes, penalties, interest and costs, but on September 12, 1921, the sheriff returned the order showing that no bid for the lot had been made and that no sale had been made.

On February 8, 1922, the district clerk issued a third order of sale, and under this writ the lot was advertised for sale on March 7, 1922. On that day the sheriff offered the lot for sale and defendant bid therefor the sum of $100.00, he being the highest and best bidder. The sheriff executed and delivered to defendant a deed dated March 7, 1922, conveying to him the lot in question.

Plaintiff did not redeem the lot from this sale within two years from the date same was made.

On the theory that the deed by the sheriff to defendant was void, plaintiff sought to recover the land and remove cloud from title. The judgment of the trial court in favor of defendant was affirmed by the Court of Civil Appeals. 60 S. W. (2d) 842. In this action, plaintiff offered, and still offers, to do whatever in equity the court may deem fair and just.

Briefly, the contention of plaintiff upon which he claims the right to recover the land may be thus stated: That under Article 7689 of the Revised Statutes of 1911, applicable at the time of the sale in question, there being no bidder for said property at the second sale date, to wit, September 6, 1921, it was mandatory on the part of the county attorney or the sheriff to bid the property off to the State for the amount of the taxes, penalty, interest and costs and although they failed to do so, the third order of sale issued thereafter was void and no title passed by virtue of the sale thereunder to defendant.

This contention brings us to a construction of certain provisions in said Aritcle 7689, which provisions are as follows:

"* * * And provided, further, that, if there shall be no bidder for such land, that the county attorney shall bid said property off to the state for the amount of all taxes, penalties, interest and costs adjudged against said property; and, in the absence of the county attorney, the sheriff is authorized to bid to the state, when there are no bidders, and it shall be the duty of the district clerk to immediately make report of such sale in duplicate, one to the comptroller of public accounts, and one to the commissioners' court, on blanks to be prescribed and furnished by the comptroller. And, in all such cases where the property is bid off to the state, it shall be the duty of the sheriff to make and execute deeds to the state, using forms

to be prescribed and furnished by the comptroller, showing in each case, the amount of taxes, interest, penalty and costs for which sold, and the clerk's fee for recording deeds as hereinafter provided. He shall cause such deeds to be recorded in the records of deeds, by the county clerk of his county, and when so recorded shall forward the same to the comptroller; and the county clerk shall be entitled to a fee of one dollar for recording each such deed to the state, to be taxed as other costs. And, when lands thus sold to the state shall be redeemed, it shall be the duty of the collector of taxes, when any such redemption is made, to make the proper distribution of the moneys received by him in such redemption, paying to each officer the amount of costs found to be due, and to the state and county the taxes, interest and penalties due each respectively."

■■ In order to sustain the contention of plaintiff it is necessary to hold that this statute not only imposes a duty upon the county attorney (and in his absence upon the sheriff) to bid the property off to the State in the event there is no other bidder, but that it is self-executing. The Supreme Court is of the opinion that as it affirmatively appears that the officers did not bid the property off to the State, and did not report the sale to the Comptroller and to the commissioners' court, and did not execute a deed to the State, it cannot be held that there was a sale to the State, and that consequently the third order of sale was void. On the contrary, the Court is of the conclusion that the sale to defendant under the third order of sale passed title which could not be avoided by plaintiff after the expiration of the two years allowed for redemption.

This precise question was necessarily involved in the case of Allen v. State Mortgage Corporation, 19 S. W. (2d) 109, and was raised in the petition for writ of error in that case. Although the petition for writ of error was dismissed for want of jurisdiction, the holding of the court on the question here involved was approved.

The writer is authorized to state that he personally is of the opinion that the effect of the statute is to make the State a bidder for the land for the amount of all taxes, penalties, interest and costs, and in the absence of other bidders at that amount or higher, the State is the highest bidder and the land is by operation of law struck off to it.

The conclusion of the Court stated above disposes of all

assignments urged by plaintiff, and the judgment of the Court of Civil Appeals is therefore affirmed.

Opinion adopted by the Supreme Court April 15, 1936.

Rehearing overruled May 20, 1936.