JACK DANCIGER V. THE STATE OF TEXAS ET AL.

No. 7979. Decided December 16, 1942.
Rehearing overruled January 13, 1943.
(166 S. W., 2d Series, 914.)

*Kemp, Smith, Goggin & White,* of El Paso, *W. C. Hock,* of Fort Worth, *Black, Graves & Styton,* of Austin, for petitioner.

It was not error on the part of the district court in entering the judgment which it did, as the provision complained of is only the incorporation of the terms of the applicable statute (Article 7328) and brings about no more than the result contemplated by that statute. Mexia Ind. School Dist. v. City of Mexia, 134 Texas 95, 133 S. W. (2d) 118; Richey v. Moor, 112 Texas 493, 249 S. W. 172; City of Dallas v. Street Railway, 95 Texas 268, 66 S. W. 835.

*Hinsley, Walker & Terry*, of Austin, for respondents.

Where other remedies have been lost an action for debt always lies for the collection of taxes, and the voluntary execution and delivery of a sworn rendition of property owned at the beginning of the taxable year, imposes personal liability upon the maker of such rendition for the taxes for that year. Brown v. Bonougli, 111 Texas 275, 232 S. W. 490; State v. Williams' Executors, 8 Texas 384; State v. Patton, 62 S. W. (2d) 381.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

The original opinion rendered by us in the above cause, of date October 21, 1942, is withdrawn, and this opinion is substituted therefor.

This is a delinquent tax suit. The State of Texas brought the suit for itself and on behalf of Hudspeth County, El Paso-Hudspeth Counties Road District, and School Districts One and Two of Hudspeth County, against Jack Danciger and J. W. Farley to recover delinquent taxes for the years 1930 to 1939, inclusive, on 24,643 acres of land in Hudspeth County, together with penalties, interest, and costs. Farley, a non-resident of the State, was cited by publication. Danciger appeared and answered. Upon trial before the court without a jury, personal judgment in the amount of $9,260.97 was rendered against Danciger, and judgment was rendered against Farley establishing the amount of his indebtedness at $1,782.82. The judgment determined the amount of taxes due against each tract of land, foreclosed the tax lien thereon, and ordered a sale thereof as under execution, with the following provision:

"* * * provided, however, if no one bids for said property at least the amount of the accrued taxes, penalties, interest

and costs, which is the amount of this judgment, then and in such event the said property shall be sold to the State of Texas, or other taxing unit, party to this suit, for the full amount of such accrued taxes, penalty, interest and costs, and in full satisfaction of the personal judgment herein recovered against said defendant, Jack Danciger, and in full satisfaction of the amount of the judgment as established against the defendant, J. W. Farley."

The principal question for our decision is the validity of this provision. A majority of the Court of Civil Appeals at El Paso held the provision void and reformed the judgment by striking it out. Chief Justice Price dissented. (Opinions not published.) This action by the Court of Civil Appeals is the only error now complained of.

■ It will be noted that our statute, Article 7328, Vernon's Annotated Civil Statutes, which deals with the foreclosure of liens and the sale of land for the payment of taxes provides in part as follows:

"* * * If there shall be no bidder for such land the county attorney, sheriff or other officer selling the same, shall bid said property off to the State for the amount of all taxes, penalty, interest and costs adjudged against such property, * * *."

After a most careful consideration of the question we are of the opinion that this provision of the statute means that if there is no bidder who bids the amount of the judgment against the land, it is the duty of the officer making the sale to buy the property in for the State, for the amount of all taxes, penalty, interest and costs adjudged against the property. Such was the holding of the Court of Civil Appeals in Willis v. Martin, 85 S. W. (2d) 1085, and this Court refused a writ of error therein. Apparently the object of this provision of the statute was to prevent the officer making the sale from sacrificing the State's security without collecting the full amount of the taxes due.

Since the statute required the officer making the sale to buy the property in for the State for the full amount of the judgment in the event there was no other bidder who would bid that much for it, there was no error in including a similar provision in the judgment.

In our opinion the case of Weinfield v. Cocke (Com. App.), 127 Texas 353, 92 S. W. (2d) 1017, is not in point. In that case the court merely held that the above-quoted provision of the statute which requires the officer selling the property to bid it in for the State in the event there is no other bidder is not self-executing, and that the State cannot be held to have bought the property unless some one actually bid therefor on behalf of the State. It does not deal with the question as to how much one must bid in order to be classed as a bidder under the statute.

■ The State calls attention to the provision of our Constiution, Article VIII, Section 15, which reads as follows:

"Sec. 15. The annual assessment made upon landed property shall be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide."

It contends that our construction of the statute here involved renders it impossible for the State to collect delinquent taxes out of any other property belonging to the tax debtor, and that if the property upon which the State has a lien is insufficient in value to satisfy the debt, the effect will be to render nugatory the constitutional provision above quoted. For this reason it is contended that the statute, as applied by us, is unconstitutional. We cannot sustain this contention. It will be noted that while the above provision of the Constitution makes the taxpayer's property subject to sale in satisfaction of delinquent taxes, it expressly provides that such sale shall be "under such regulations as the Legislature may provide." Under the authority so vested in the Legislature it had the right to provide, if it saw fit, that the property upon which the State had a lien should not be sacrificed by a sale for a sum less than the amount of the State's indebtedness.

Under the provisions of the Acts of 1937, 45th Leg., p. 1494, ch. 506 (Art. 7345b, Vernon's Ann. Civ. Stat.) a tax debtor under certain conditions therein described is permitted to buy in his own property at a tax sale at its "adjudged value," even though this be less than the amount of taxes due thereon. The above Act, however, has no application in this case. In the

first place, its provisions were not invoked in the trial in this case. In the second place, said Act, as it existed in 1940, at the time this suit was tried, and prior to the amendment of the Act in 1941, applied only to taxes accruing for the year 1935 and prior thereto. This suit was for the taxes for the years 1930 to 1939, inclusive. If the statute had been invoked it would not have been applied to the taxes accruing after the year 1935. For these reasons the provisions of said Act should not be considered in determining the rights of the parties in this suit.

■ The State contends that the questions here involved are now moot. In support of this contention it has attached to its brief a certificate by the Commissioner of the General Land Office, purporting to show that all of the land here involved, except one tract of 386 acres, is unpatented public school land; and that subsequent to the date the judgment appealed from was rendered, the land has been forfeited to the State for non-payment of interest on the purchase price. It contends that under these circumstances the State's title and its lien for taxes have merged, and the property cannot now be sold for the taxes; and for that reason the question raised by this appeal is moot. We have not examined this document in detail to determine whether or not the land actually has been forfeited, as the State contends. Even if we assume that it has been forfeited, it does not follow that the question is moot. If the rights of third parties have not intervened, Danciger and Farley still have a right to reinstatement upon payment of the interest due, as provided in Article 5326 of our statutes. Upon reinstatement they would take the property subject to all obligations to the State that were extant at the time the forfeiture occurred, including the judgment for the taxes, with foreclosure of the lien, and the land could then be sold in satisfaction of the judgment. Moreover, admittedly one of the tracts of land containing 386 acres has not been forfeited to the State. In this connection, it is proper to state that the judgment sets out the amount of taxes due against each tract, and separately forecloses the lien against it for such taxes. The 386-acre tract can yet be sold under the judgment for the taxes due against it. For the above reasons the question raised by this appeal is not moot.

■ If the order of sale should be returned unexecuted as to any of the property against which the lien was foreclosed, be-

cause of the foreiture of the title thereto to the State, we see no reason why an ordinary writ of execution may not be issued and levied upon any property of the judgment debtor that is not exempt from execution. In this connection, the State contends that execution cannot issue in this case, under the circumstances above indicated, because the judgment does not provide for the issuance of an execution. The mere absence of an express provision in the judgment for the issuance of execution, however, would not defeat the right to have such process issue. The decree awarded a personal judgment against Danciger for the taxes, and it has frequently been held that an execution may issue as a consequence of the judgment, even though no express provision is made therefor in the judgment. Ryan v. Raley, (Tex. Civ. App.), 106 S. W. 750 (writ refused); Roberts v. Connellee, 71 Texas 11, 8 S. W. 626; Smith v. Miller, 66 Texas 74, 17 S. W. 399; Bludworth v. Poole, 21 Civ. App. 551, 53 S. W. 717; Taylor v. Doom, 43 Texas Civ. App. 59, 95 S. W. 4; Hartz v. Hausser (Tex. Civ. App.), 90 S. W. 63 (writ refused); 18 Tex. Jur. 572.

■ We are of the opinion, however, that the State would not be entitled to have sale under execution of other property of the tax debtor, until it had exhausted its remedy under the order of sale. In the case of Bailey v. Block, 104 Texas 101, 134 S. W. 323, wherein a judgment for debt and foreclosure of a contract lien had been entered, it was held that under the provisions of Vernon's Annotated Civil Statutes of 1925, Article 2218 (now T. R. C. P. 309), execution would not issue for the sale of other property until the remedy under the order of sale had been exhausted. See also Teague v. Fairchild (Com. App.), 15 S. W. (2d) 585. Article 7326 of the Revised Statutes provides that tax suits shall be brought "as an ordinary foreclosure for debt," and Article 7328 provides that "in case of foreclosure an order of sale shall issue and the land sold thereunder as in other cases of foreclosure." These provisions make it clear, we think, that it was the intention of the Legislature that the same rule should prevail in securing satisfaction of a judment for taxes, with foreclosure of a lien on land, as prevails in an ordinary foreclosure suit. As a consequence it would be necessary for the State to first exhaust its remedy as far as possible under the order of sale before resort could be had to ordinary execution. If, after order of sale has issued, it should be disclosed that any particular piece of property upon which the judgment of foreclosure was entered has passed into

the hands of the Government and is not now available for sale in satisfaction of the taxes adjudged against it (See State v. Stovall, 76 S. W. (2d) 206), execution can then be had for satisfaction of that part of the debt out of other property.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered December 16, 1942.

Rehearing overruled January 13, 1943.