

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

Gerald C. Mann
XXXXXXXXXXXXPPERD
ATTORNEY GENERAL

Hon. F. B. Caudle
County Attorney
Franklin County
Mount Vernon, Texas

Dear Mr. Caudle:

Opinion No. O-5094
Re: Can delinquent levee
improvement district
taxes be collected from
a person who has purchased
forfeited public school
land from the State? And
related questions.

We have received and carefully considered your letter in which you request the opinion of this department on the matters stated.

We think a fair statement of your request and the facts set out therein is as follows: Levee Improvement District No. 1 of Franklin County was created in 1917 and bonds, some of which are still outstanding, were issued the following year. Within the district is a tract or tracts of public school land, which land is to be forfeited by the Commissioner of the General Land Office for nonpayment of interest due the State. You further state that the district has brought suit against the present owner to enforce payment of the delinquent levee improvement district taxes against the land.

On the basis of the above facts you make inquiries which are substantially as follows:

First: If the land is forfeited to the State and the present owner should repurchase the land, or have his claim reinstated, what would be the status of the delinquent taxes due the district?

Second: Could the delinquent taxes be enforced against a person not having any rights under either Article 5326 or Article 5326a, V. A. C. S., who purchased from the State after forfeiture?

Third: What would be the status of the outstanding bonds in either of the above situations?

To avoid the use of unnecessary language, we will use the term "present owner" as meaning any person given a right to repurchase forfeited land under Article 5326a, and as meaning any person given a right to reinstate his claims under Article 5326.

Article 5326, V.A.C.S., as amended in 1941 by the 47th Legislature, provides for the forfeiture of public school land and the method and manner of reinstatement of claims "provided that no rights of third persons may have intervened."

Article 5326a, V.A.C.S., applies to situations where public school land has been forfeited for nonpayment of interest accruing prior to November 1, 1925. It provides for the manner and method of revaluation and subsequent repurchase of land forfeited. This statute also preserves "any lien, legal or equitable, in behalf of any person or the State, . . ."

The remedy of the present owner will be governed by one of the above statutes. Article 5326a clearly preserves the district's delinquent tax lien on repurchased land. However, the pertinent portion of this article before its amendment in 1926 read as follows:

"Sec. 4. Whenever any land affected by this Act is repurchased under the rights of repurchase given herein, any lien, legal or equitable, and any valid contractual right in favor of any person or persons existing against, in and to said land or any part thereof at the time of forfeiture shall remain unimpaired and in full force and effect as if no such forfeiture had occurred."

As against the contention that the quoted portion was not intended to and did not preserve liens in favor of the State, the Court of Civil Appeals in Gerlach Mercantile Co. v. State, 10 S.W. (ad) 1035, writ of error refused, held as follows:

"In section 4 the Legislature was fixing the status of liens and contract rights affecting the land before the forfeiture.

"In the present case the taxes here sued for were delinquent for years prior to the forfeiture, and we are now called upon to decide whether the lien of the state for such taxes was preserved by section 4.

"It is not to be presumed that the Legislature intended to cancel the taxes due the state, in fact, we think the presumption will be that it did not so intend; and, there being nothing in the act which expressly shows an intention to cancel, we are of the opinion that such was not the intention and that the tax lien was intended to be preserved, and therefore must answer the question in the affirmative."

We believe the holding in the Gerlach case to be of value in construing Article 5326, which allows reinstatement of claims "provided that no rights of third persons may have intervened." We do not believe that this statute is intended to bar the tax liens of the State or any instrumentality thereof. We agree with the principle announced in the Gerlach case that since the statute does not show an express intention to cancel taxes, certainly such an intention will not be presumed. Further, we have grave doubts as to the power of the Legislature effectively to bar tax liens where the situation is one of reinstatement in view of the provisions of Article 3, Section 55, of our State Constitution.

The most recent construction of Article 5326 is found in Danciger v. State, 166 S. W. (2d) 914 (Sup. Ct.). The facts show that the State, Hudspeth County, a road district and two school districts were plaintiffs in a delinquent tax suit. The validity of the judgment foreclosing the various tax liens was questioned on appeal. The State, among other contentions, claimed the question was moot since the land had been forfeited to the State subsequent to the entrance of the judgment. The Supreme Court answered this contention as follows:

". . . Even if we assume that it (the land upon which the delinquent tax liens were foreclosed) has been forfeited, it does not follow that the question is moot. If the rights of third parties have not intervened, Danciger and Farley still have a right to reinstatement upon payment of the interest due, as provided in Article 5326 of our statutes. Upon reinstatement they would take the property subject to all obligations to the State that were extant at the time the forfeiture occurred, including the judgment for the taxes, with foreclosure of the lien, and the land could then be sold in satisfaction of the judgment. . ." (Parenthetical matter added)

In answer to your first question you are advised that if the present owner has his claims reinstated, or if he repurchases the land, he will take subject to the delinquent taxes of Levee Improvement District No. 1 of Franklin County.

This Department has recently ruled on your second question in Opinion No. O-5062, a copy of which we are enclosing. Your second question, in accordance with said opinion, is therefore answered in the negative. However, we call your attention to the remedies afforded the district against the former owner or owners, which are set out in the opinion.

We next consider your third question. Where the land is

repurchased or the claims of the present owner are reinstated, it is obvious that the bonds, and the rights of the bondholders, are not impaired in any particular.

However, a different situation is presented when a new purchaser acquires the land. A close study of the applicable statutes, Articles 7972-8042, V. A. C. S., shows that the bonds themselves are not a lien upon a particular tract of land but that the delinquent taxes do constitute such a lien. The rights of the bondholders rise no higher than those of the Levee Improvement District. The bondholder has no privity of contract with the taxpayer as his contract is with the district alone. See City and County of Dallas Levee Imp. Dist., ex rel Simond v. Allen, (D.C.N.D. of Texas), 17 F. Supp. 777.

A bondholder is not a necessary party to a suit to collect taxes, Glenn v. Dallas County Bois D'Arc Island Levee District, 268 S.W. 452 (Comm. App., opinion adopted by the Supreme Court), unless the right of the district to levy and collect any taxes at all is questioned. Preston v. Anderson County Levee Imp. Dist. No. 2, 3, S. W. (2d) 888 (Civ. App.). The bondholder has no legal cause of action against the taxpayer to recover taxes due nor has the taxpayer any legal obligation toward the bondholder in that respect. Glenn v. Dallas County Bois D'Arc Island Levee Imp. Dist., supra.

In view of the above authorities as to the status of bonds and bondholders, it is our opinion the bondholders have no rights with regard to land forfeited to the State and sold to a new purchaser.

We trust that the above fully answers the questions asked.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Woodrow Edwards

By        Woodrow Edwards
             Assistant

WE:AMM;cg
Enclosure

Approved Opinion committee, by GPB, Chairman

Approved May 7, 1943, by Attorney General of Texas
s/ Gerald C. Mann