**UNITED STATES, Petitioner, v. 1,380 ACRES OF LAND, MORE OR LESS, IN BRAZORIA COUNTY, TEX. et al.**

**Civ. Action No. 139.**

United States District Court
S. D. Texas, Galveston Division.

July 11, 1950.

Brian S. Odem, U. S. Atty., and T. H. Riggs, Sp. Asst. to U. S. Atty., of Houston, Tex., for petitioner.

Rucks, Enlow & Kee (Floyd Enlow and Leland B. Kee), and Davis & Henderson (Cleveland Davis), and Alton C. Arnold, all of Angleton, Tex., for defendants.

KENNERLY, Chief Judge.

The Government of the United States of America has heretofore, under Orders of this Court entered in this cause, taken for the public use the above described eleven Tracts of land in Brazoria County, Texas, in this District and Division.[1]   Thereafter

---

1. These are Tracts 11, 12, 132, 146, 151, 153, 156, 193, 511, 536, and 547, Subdivision 14. Brazos Coast Investment Company Subdivision in Brazoria County, Texas.

the Government filed herein its Motion for a Title Adjudication Hearing,[2] setting forth that disputes have arisen as to the ownership of such tracts at the time taken and to the compensation to be paid by the Government therefor. To correct some typographical errors, these were amended July 6, 1950. The allegation of the Government (Paragraph 1) in such Motion with respect to the title to Tract 511 is typical of the allegations as to the other tracts and is as follows (underscoring mine):—

"That a dispute has arisen as to the ownership and rights of the parties in the above-captioned tract at the time of the taking of the same in this cause by petitioner. That such tract was originally acquired from the subdividers by *G. W. Goss,* deceased, by warranty deed dated *August 1, 1909.* A tax judgment was obtained against this tract by the State of Texas on *July 9, 1931,* in the amount of $19.95. That such tract was sold on execution pursuant to the judgment to *F. M. Jennings* for a recited consideration of $10.00, on *June 1, 1932* and Sheriff's deed was executed to the said Jennings on *July 27, 1932;* that such tract was purchased from the said *Jennings* by *B. H. Autrey* by quitclaim deed dated *January 2, 1933.* As far as petitioner knows, both the unknown heirs of the said G. W. Goss and B. H. Autrey claimed title to the tract at the time of taking, as well as compensation to be paid for such taking."

After appropriate notice to all parties, a hearing was held. At the hearing, the parties stipulated that the recitations contained in Paragraph 1 of each of the Government's Motions are true and correct.[3] They also stipulated that such tax foreclosure proceedings are regular, except there is presented one question. That question arises as to each tract, but a decision of such question as to Tract 511 will determine the rights of all parties as to all tracts. That question is whether the sale at such Sheriff's Sale of Tract 511 to F. M. Jennings for $10.00, when the taxes, interest, penalties and costs recovered by such Judgment amounted to $19.95, is or is not valid.

Such question arises because of the wording of a portion of Article 7328, Vernon's Civil Statutes of Texas, which regulates such sales. Such wording is as follows:— "If there shall be no bidder for such land the county attorney, sheriff or other officer selling the same, shall bid said property off to the State for the amount of all taxes, penalty, interest and costs adjudged against such property, and the district clerk shall immediately make report of such sale in duplicate, one to the Comptroller and one to the Commissioners' Court, on blanks to be prescribed and furnished by the Comptroller." etc.

This language has been held to mean *that although there may be bidders at the sale,* in case no person bids for the property *as much as the amount of the Judgment (i. e., the taxes, interest, penalties and costs),* it is the duty of the officer making such sale to buy the property in for the State for the amount of such Judgment. Danciger v. State, 140 Tex. 252, 166 S.W. 2d 914. Willis v. Martin, Tex.Civ.App., 85 S.W.2d 1085. Under this Statute and these cases, it is clear that the Sheriff's Sale and

---

2. Similar procedure was approved in United States v. 772.4 acres of land, D. C., 57 F.Supp. 462, 463, State of Texas v. Chuoke, 5 Cir., 154 F.2d 1.

3. Such Stipulation is as follows:—
"It is further stipulated and agreed by all the parties hereto that all of the execution sales pursuant to tax judgments under which the above-named parties claim, were made in the year 1932. It is further agreed that the recitations contained in paragraph 1 of each motion for title adjudication hearing filed by petitioner in connection with each of the above numbered tracts are in fact true and correct except that the parties represented by Floyd Enlow, Leland B. Kee, and Cleveland Davis do not admit that any other parties claimed title to the tracts at the time of taking or the compensation payable for same.
"It is further stipulated by the parties hereto that each and all of the tax judgments, orders of sale, and returns were had in causes which were tried in the District Court of Brazoria County, Texas and the sales thereunder were made in the year 1932, which judgments and sales were had and made in each respective case under and by virtue of the same law."

Deed of Tract 511 to F. M. Jennings for $10.00, when the Judgment amounted to $19.95, were irregular.

But were such Sale and Deed either voidable or void?

■ If only voidable, it must be directly attacked. G. W. Goss has not answered herein, but even if he had answered making a direct attack on the Sale and Deed, such an attack is fully met by plea of B. H. Autrey (who holds under Jennings) of the Texas Four Year Statute of Limitation. Vernon's Ann.Civ.St. art. 5529. It is well settled in Texas that such an attack is barred by the Texas Four Year Statute of Limitation.

■ If such Sale and Deed are void, it may be collaterally attacked. Were such Sale and Deed void? I think the question must be answered in the negative.

In this same Article 7328, there is to be found language[4] which make the Sheriff's acceptance of Jennings' bid conclusive. Also Article 7330 of such Statutes[5] declares that a Deed made at such a sale shall be held to vest good and perfect title in the purchaser, subject to be impeached only for actual fraud. I find nothing in the cases cited above which construe Article 7328 contrary to this view, but on the other hand, Stone v. King, Tex.Civ.App., 154 S. W.2d 521 (Galveston C.C.A.), which also construes such Article, fully sustains this view.[6] See also United States v. 847 Acres of Land, D. C., 89 F.Supp. 933.

From what has been said, it follows that B. H. Autrey is entitled to a Decree, declaring that he was the owner of Tract 511 at the time it was taken by the Government, and is entitled to the compensation

4. Such language is as follows (underscoring mine):—

"All sales contemplated herein shall be made in the manner prescribed for the sale of real estate under execution, and the sheriff is hereby authorized, and it is *hereby made his duty to reject any and all bids for said land when in his judgment the amount bid is insufficient or inadequate, and in event said bid or bids are rejected the land shall be readvertised and offered for sale as provided for herein, *but the acceptance by the sheriff of the bid shall be conclusive and binding on the question of the sufficiency of the bid, and no action shall be sustained in any court of this State to set aside said sale on grounds of the insufficiency of the amount bid and accepted.* Nothing herein shall be construed as prohibiting the State, acting through the county attorney of the county wherein the land lies, or its Attorney General, from instituting an action to set aside the said sale on the grounds of fraud or collusion between the officer making the sale and the purchaser."

5. Article 7330 is as follows:—

"In all cases in which lands have been sold, or may be sold, for default in the payment of taxes, the sheriff selling the same, or any of his successors in office, shall make a deed or deeds to the purchaser or to any other person to whom the purchaser may direct the deed to be made, and any such deed shall be held in any court of law or equity in this State to vest good and perfect title in

the purchaser thereof, subject to be impeached only for actual fraud."

6. In Stone v. King, the facts were similar to the facts here, i. e., that the amount bid by the purchaser at the Sheriff's Sale was less than the amount of the Judgment, and it was contended that the sale was void. In upholding such sale, the Court says:—

"It has been uniformly held by the courts of this State that the purchaser at an execution sale is not bound, nor is his purchase affected by irregularities committed by the officer making the sale, where such irregularities have taken place without concurrence or participation of the purchaser; that if the sheriff sells without authority the title will not pass, but if he does not strictly pursue the authority which he possesses, the title passes and the person injured by the irregularities will be left to his remedy against the sheriff. Howard v. North, 5 Tex. 290, 51 Am.Dec. 769.

"Further, it has been uniformly held that in the foreclosure sales, the insufficiency of the bid affords no ground for striking down the sale (Brinkman v. Tinkler, Tex.Civ.App., 117 S.W.2d 139), and that such facts establish a vendee as an innocent purchaser for value. Love v. R. S. Allday Supply Co., Tex.Civ.App., 106 S.W.2d 830.

"Under above authorities, we think that said tax sale was sufficient to divest the title of appellant's predecessors in title." [154 S.W.2d 523]

to be paid by the Government for such Tract so taken.

As stated, the decision of this question as to Tract 511 also settles the title as to the other Tracts, and those holding such other Tracts under similar Sheriff's Sales and Deeds[7] are declared to have been the owners of such Tracts at the time taken by the Government and they are entitled to the compensation to be paid by the Government therefor. But subject to such Liens as have been placed thereon by them or have been lawfully fixed against same.

Let appropriate Orders be drawn and presented.

---

7. Such owners under such Sheriff's Sales and Deeds are as follows:—Tract 11— Guy Woodruff; Tract 12—W. O. Meredith; Tract 132—G. W. Davis; Tract 146—Guy Woodruff; Tract 151—O. B. Robinson; Tract 153—John Crowley; Tract 156—A. J. Smith; Tract 193—O. B. Robinson; Tract 536—B. H. Autrey; Tract 547—A. J. Smith.