

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS
April 29, 1952



Hon. Bascom Giles
Commissioner
General Land Office
Austin, Texas

Opinion No. V-1441

Re:   Reinstatement of a
      forfeited School Land
      Purchase Contract by
      one claiming title by
      virtue of a tax judg-
      ment and deed executed
      before forfeiture of
      the purchase contract.

Dear Sir:

Your request for an opinion of this office reads in part as follows:

> "This department desires your offi-
> cial opinion concerning the right of re-
> instatement of a forfeited School Land
> Purchase Contract by one claiming title
> by virtue of a tax judgment and deed,
> both executed prior to the forfeiture of
> the purchase contract by the Commissioner
> of the General Land Office."

Public land dedicated to the use and benefit of the permanent free school fund is not taxable by any taxing authority so long as title thereto remains in the State. Section 2, Article VIII, Constitution of Texas; Article 7150, V.C.S.; Pitts v. Booth, 15 Tex. 453 (1855).

However, by Article 7173, V.C.S., the State requires those holding public free school land under lease or contract of purchase to pay taxes upon their holdings. That article provides in part as follows:

> "Property held under a lease for a
> term of three years or more, or held under

a contract for the purchase thereof,
belonging to this State, or that is ex-
empt by law from taxation in the hands
of the owner thereof, shall be considered
for all purposes of taxation, as the
property of the person so holding the
same, except as otherwise specially pro-
vided by law. . . ."

The delinquent taxes for which judgment and
subsequent sale were had herein undoubtedly were levied
under authorization of the quoted provision. Having
the authority to levy taxes upon the interest held by
a purchaser under a School Land Purchase Contract, it
must follow that the right to enforce payment of such
taxes also exists in the taxing authority.

That such an interest is subject to sale
under execution was determined in Martin v. Bryson,
71 S.W. 615 (Tex.Civ.App.1902, error ref.). In so
holding, the court adopted the following statement from
the second edition of Freeman on Executions:

"So one who purchases lands from a
state under a contract which provides for
certain payments, upon the making of which
he will become entitled to a patent, and
upon default in any of which he forfeits
all rights under his contract, has a vendi-
ble interest in such lands prior to their
forfeiture, and one which is subject to
execution. The estate acquired under the
levy on an execution is, of course, no
better or more certain estate than that
held by the judgment debtor, and remains
liable to be defeated by the same execu-
tion sale. . . ."

The court then held as follows:

"We therefore conclude that as the
interest of the appellee, Bryson, in this
section of land, was such as he could sell
to any person who would buy, regardless of
whether such person occupied the land after-
wards or not, it was a vendible interest
and was subject to execution."

In Danciger v. State, 140 Tex. 252, 166 S.W. 2d 914 (1942), land held under a School Land Purchase Contract was said to be subject to sale under a judgment for taxes due against it.

It is well settled that under a School Land Purchase Contract title to the land remains in the State, and the purchaser has only the right to acquire it by complying with the conditions prescribed by statute. Williams v. Finley, 99 Tex. 468, 90 S.W.1087 (1906); State v. Elza, 109 Tex. 256, 206 S.W. 342 (1918); Perez v. Canales, 69 Tex. 674, 7 S.W. 507 (1888).

Where execution has been had for delinquent taxes on land held under such a purchase contract, the effect of a valid tax sale and deed is to divest the tax debtor of all right, title, and interest in and to the land described therein and to vest such right, title, and interest in the grantee of the tax deed. The only right which could be acquired under the tax deed is the right of the purchaser from the State to acquire the land from the State by complying with the conditions prescribed by statute.

Article 5326, V.C.S., provides in part as follows:

"If any portion of the interest on any sale should not be paid when due, the land shall be subject to forfeiture by the Commissioner entering on the wrapper containing the papers 'Land Forfeited,' or words of similar import, with the date of such action and sign it officially, and thereupon the land and all payments shall be forfeited to the State, and the lands may be offered for sale on a subsequent sale date. In any case where lands have heretofore been forfeited or may hereafter be forfeited to the State for non-payment of interest, the purchasers, or their vendees, heirs or legal representatives, may have their claims reinstated on their written request by paying into the Treasury the full amount of interest due on such claim up to the date of reinstatement, provided that no rights of

third persons may have intervened. The
right to re-instate shall be limited to
the last purchaser from the State or his
vendees or their heirs or legal repre-
sentatives. . . ."

We have found no Texas cases defining the
limitations of the last-quoted sentence. However,
it is well settled that statutes providing for for-
feiture of rights under School Land Purchase Con-
tracts must be strictly construed, while those
statutes relieving from forfeiture of such rights
must be liberally construed in favor of the owner
at the time of forfeiture. Lovett v. Simmons,
29 S.W.2d 1021 (Tex. Comm. App.1930); Cruzan v. Walker,
119 Tex. 189, 26 S.W.2d 908(1930); Mound Oil Co. v.
Terrell, 99 Tex. 625, 92 S.W. 451 (1906).

In Brooke v. Eastman, 17 S.D.339, 96 N.W.
699 (1903),the Supreme Court of South Dakota had be-
fore it a statute providing for the purchase of public
lands of South Dakota. After setting forth the con-
ditions to be met by the purchaser of such lands, the
statute provides: ". . . in that event only, will the
said purchaser, his heirs, assigns, or other legal
representatives, be entitled to a patent for the land
herein described. . . ." (Emphasis added.) It was
held that the interest of such a purchaser was subject
to execution and sale for delinquent taxes and that if
the execution and all other proceedings therein were
regular, the interest of the purchaser from the State
passed to the purchaser under the tax sale, and the tax
sale vendee could compel the State to issue a patent
to the lands so sold to him upon payment of the bal-
ance of the purchase price.

In view of the foregoing, and based upon the
assumption that the tax judgment and deed were valid
in every respect, it is our opinion that a claimant un-
der such a valid tax judgment and deed executed before
forfeiture of the purchase contract is within the class
of persons having a right of reinstatement under
Article 5326, V.C.S.

## SUMMARY

A claimant under a valid tax judgment and deed executed before forfeiture of the purchase contract has the right of reinstatement of a forfeited School Land Purchase Contract.

APPROVED:

Jesse P. Luton, Jr.
Land Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

WHH:bt

Yours very truly

PRICE DANIEL
Attorney General

By *William H. Holloway*
   William H. Holloway
      Assistant