

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

June 26, 1953

Hon. Sam Lee
Criminal District Attorney
Brazoria County
Angleton, Texas

Opinion No. S-57.

Re: Title to real property through purchase at a sheriff's tax sale under the submitted facts.

Dear Mr. Lee:

You request the opinion of this office on three questions which we shall hereafter state.

The essential facts upon which your opinion request is based may be summarized as follows:

On June 30, 1932, a judgment was entered by the District Court of Brazoria County in Cause No. 28834, styled <u>State of Texas v. Lucy L. Jackson et al</u>. This suit was for delinquent ad valorem taxes and foreclosure of the constitutional and statutory lien securing the payment of the taxes in the sum of $3,358.36. The petition definitely described the property against which the taxes were assessed. Execution and order of sale was issued directing the sale of the property to satisfy the judgment. Pursuant to the execution and order of sale, on the 6th day of December, 1932, the sheriff of Brazoria County sold the property at public auction to Lucy L. Jackson upon her bid of $7.00. The sheriff executed and delivered a deed to Lucy L. Jackson which recites she was the highest bidder. This deed is recorded in the deed records of Brazoria County. The tax records of Brazoria County continue to carry the amount of $3,358.36, the sum for which judgment was rendered as still outstanding and delinquent.

Based upon the foregoing facts, you ask three questions:

"1. Did the procedure outlined above vest

the title of the Defendants in the tax suit
in the purchaser at the sheriff's sale,
bearing in mind that no question of fraud,
etc., has ever been raised?

"2.  As a consequence, was the tax lien
established in the judgment extinguished by
the sale and the execution and delivery of
the sheriff's deed?

"3.  Does the fact that there is no
record in the District Clerk's Office or the
Tax Collector's Office that the $7.00 bid
which the Sheriff recites in his deed that
he accepted, affect the title of the purchas-
er under the sheriff's deed and the extin-
guishment of the tax lien?"

The facts disclose that the judgment and order
of sale issued pursuant thereto and the sale were prior
to the enactment of Article 7345b, V.C.S.  The statute
governing this case is Article 7328, V.C.S.  This stat-
ute provides in part as follows:

"If there shall be no bidder for such
land the county attorney, sheriff or other
officer selling the same, shall bid said
property off to the State for the amount of
all taxes, penalty, interest and costs ad-
judged against such property, . . ."  (Em-
phasis added).

Under the submitted facts we conclude that the
tax sale and the sheriff's deed are void and the purchas-
er at the sale, Lucy L. Jackson, acquired no title by vir-
tue thereof.  The judgment remains unsatisfied and the
State's constitutional and statutory lien to secure the
payment of the full amount of the judgment may be dis-
charged and satisfied only by the payment of the judgment
in full or a sale for the full amount of the judgment in
the manner prescribed by Article 7328, V.C.S.

Our conclusion is based upon the ruling of the
Supreme Court in the case of Danciger v. State, 140 Tex.
252, 166 S.W.2d 914, construing the foregoing language
which we have quoted from Article 7328, V.C.S.  Chief Jus-
tice Alexander in this case said:

"It will be noted that our statute, Article 7328, Vernon's Tex.Ann.Civ.St., which deals with the foreclosure of liens and the sale of land for the payment of taxes, provides in part as follows: '* * * If there shall be no bidder for such land the county attorney, sheriff or other officer selling the same, shall bid said property off to the State for the amount of all taxes, penalty, interest and costs adjudged against such property, * * *.' After a most careful consideration of the question we are of the opinion that this provision of the statute means that <u>if there is no bidder who bids the amount of the judgment against the land</u>, it is the duty of the officer making the sale to buy the property in for the State, for the amount of all taxes, penalty, interest and costs adjudged against the property. Such was the holding of the Court of Civil Appeals in Willis v. Martin, 85 S.W.2d 1085, and this Court refused a writ of error therein. Apparently the object of this provision of the statute <u>was to prevent</u> the officer making the sale from sacrificing the State's security wothout collecting the <u>full amount of the taxes due</u>." (Emphasis added).

It is observed that the explicit ruling of the Supreme Court in this case is that it is the duty of the sheriff or other officer making the sale, if there be no bidder who bids the amount of the judgment against the land, to buy the property in for the State for the amount of <u>all</u> taxes, penalty, interest and costs adjudged against the property. It therefore follows, since we hold that the purchaser at the tax sale acquired no title, that we answer your first and second questions in the negative. This renders an answer to your third question unnecessary.

## SUMMARY

If there be no bidder at a tax sale made pursuant to the provisions of Article 7328, V.C.S., bidding the full amount of the judgment against the land sold at a tax sale, it is the duty of the sheriff or other officer making the sale to bid in the property for the State for the full amount of the judgment. A

sale by the sheriff or other officer for less is void and passes no title to the purchaser. The judgment remains unsatisfied and the State's constitutional and statutory lien persists until the judgment is paid in full or the property is sold in the manner prescribed by Article 7328, V.C.S., for the full amount of the judgment.

APPROVED:

W. V. Geppert
Taxation Division

C. K. Richards
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

LPL:wb

Yours very truly,

JOHN BEN SHEPPERD
    Attorney General

By L. P. Lollar
    L. P. Lollar
            Assistant