

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 22, 1976

The Honorable Joe Resweber          Opinion No. H-851
Harris County Attorney
Harris County Courthouse            Re: Whether sheriff should
Houston, Texas  77002               bid for city or school
                                    district at tax foreclosure
                                    sale of realty.

Dear Mr. Resweber:

You have asked:

> Where there is a lack of bids at a tax
> foreclosure sale [of realty], which is
> being conducted on behalf of a school
> district or city, and the property
> cannot otherwise be sold, is the sheriff
> authorized to bid in the property on
> behalf of the public?  Should the
> property be bid on behalf of and conveyed
> to the agency requesting the sale . . .
> or to the State?

The situation with which you are concerned is apparently
one where the city or school district is the only judgment
creditor, and neither the State nor county is party to the
suit.  Further, your question presumes that no bid is made;
that no one acting on behalf of the judgment creditor taxing
unit is present at the sale to bid in the property for such
unit; that no request or instruction to bid in the property
for the taxing unit has been given to the sheriff; and that
the judgment or order for sale contain no such instruction.

Article 7328, V.T.C.S., requires the sheriff or other
officer selling land under an execution sale for state or
county taxes to bid the property off to the State if there
is no bid.  Article 1062, V.T.C.S., provides that the assessor
and collector of taxes for cities, towns and villages selling
any real or personal property for taxes shall strike the
property off to the city if there is no bid.

p. 3591

The laws for the collection of delinquent state and county taxes are made available to cities and school districts, but are not made mandatory or exclusive. Thus, article 7337, V.T.C.S., makes chapter 10 of Title 122, within which chapter article 7328 is contained, available to school districts by providing that such a district "shall have the right to enforce the collection of delinquent taxes due it under the provisions of this chapter." See City of San Antonio v. Berry, 48 S.W. 496 (Tex. Sup. 1898). To the same effect are articles 1060a, 7343, V.T.C.S.

In the case of Houston Crane Rentals, Inc. v. City of Houston, 454 S.W.2d 216 (Tex. Civ. App. -- Houston [1st Dist.] 1970, writ ref'd n.r.e.), the court held at page 218:

> While the state statutes authorize munici-
> palities to use the state laws they are
> not required to do so. Article 1060a,
> V.A.T.S., is permissive and not mandatory.

The case of Danciger v. State, 166 S.W.2d 914 (Tex. Sup. 1942), was a delinquent tax suit brought by the State for itself, a county, and various districts. The Texas Supreme Court held that under the provision of article 7328, V.T.C.S., if there is no bidder who bids the amount of the judgment against the land, it is the duty of the officer making the sale to buy the property in for the State for the full amount of the judgment. The Court said that the apparent object of the statutory provision was to prevent the officer making the sale from sacrificing the State's security without collecting the full amount of the taxes due. Id. at 915.

In an earlier case involving a suit by the State for state and county taxes, the Supreme Court held that the provision in article 7328, V.T.C.S. is not self-executing, and that the State cannot be held to have bought the property unless someone actually bid therefor on behalf of the State. Weinfield v. Cocke, 92 S.W.2d 1017 (Tex. Sup. 1936). See Allen v. State Mortgage Corp., 19 S.W.2d 109, 110 (Tex. Civ. App. -- San Antonio 1929, writ dism'd w.o.j.)(holding statute merely directory).

We do not believe that article 7328, V.T.C.S. is applicable when the State or county have no interest in a suit, or when its provisions have not been invoked by a city or school district. Neither do we believe that article 1062, V.T.C.S., is applicable to a sale conducted by the sheriff on behalf of a city or school district in a tax foreclosure sale pursuant to judicial order.

We can find no statute or other authority which imposes a duty upon, or authorizes, the sheriff to bid property off to a city or school district in a tax foreclosure sale, when the city or school district has not affirmatively requested or directed such action.

You have also asked:

> Is a school district or city required
> to pay the costs of the tax foreclosure
> sale which it requires in the event that
> the property is not sold due to the lack
> of bids or is sold to a public agency as
> trustee?

A school district or city may avail itself of all laws of the state designed for the collection of delinquent state and county taxes, including those laws exempting the State and county from liability for fees incurred in foreclosing tax liens. V.T.C.S. arts. 7343, 7337, 7333, 7328; Nacogdoches Ind. Sch. Dist. v. McKinney, 513 S.W.2d 5 (Tex. Sup. 1974); Lubbock Ind. Sch. Dist. v. Owens, 217 S.W.2d 186 (Tex. Civ. App. -- Amarillo 1949, writ ref'd). Article 7333 provides:

> In each case such fees shall be taxed
> as costs against the lands to be sold under
> judgment for taxes, and paid out of the
> proceeds of sale of same after the taxes,
> penalty, and interest due therein are paid,
> and in no case shall the [taxing unit] be
> liable therefor . . . .

We answer your last question in the negative. See V.T.C.S. art. 7345b, § 9; State v. Moak, 207 S.W.2d 894 (Tex. Sup. 1948); Attorney General Opinions WW-1379 (1962), O-1695 (1940), O-1695A (1940).

## S U M M A R Y

Where a city or school district taxing unit is the only judgment creditor, and no bids are received in the conduct of a sale of realty to satisfy its tax lien, and no request is made by the city or school district, the sheriff has no authority to bid the property off to the State or the judgment creditor taxing unit. Such taxing units are not liable for costs of the tax foreclosure sale.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb