Donald W. FORD, Appellant,

v.

George WIED, et al., Appellees.

No. 6–91–052–CV.

Court of Appeals of Texas,
Texarkana.

Jan. 22, 1992.

Rehearing Denied Feb. 11, 1992.

Matthew W. Plummer, Sr., Houston, for appellant.

John V. Elick, Elick & Elick, Daniel W. Leedy, Asst. Crim. Dist. Atty., Bellville, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

CORNELIUS, Chief Justice.

Donald Ford appeals from an adverse summary judgment rendered in his suit for declaratory judgment and to enjoin an execution. We will affirm the judgment.

On February 15, 1988, George Wied recovered a money judgment against Ford in the County Court at Law of Austin County. The suit involved a claim for damages resulting from cattle that had strayed onto Wied's property. The decree awarded Wied a personal judgment against Ford for $5,250.00. It also contained the following provisions:

    2. That a lien be impressed upon the thirteen (13) head of the Plaintiff's [Ford's] cattle to secure the payment of the damages due the Defendant;

    3. That in the event the Plaintiff fails to pay the judgment herein rendered within thirty (30) days after the entry hereof, the lien is ordered foreclosed, a

Sheriff's sale will be held according to law, and the proceeds applied to payment of this judgment after the expenses of sale and fees have been paid.

According to the uncontroverted summary judgment evidence, a writ of execution was issued on April 28, 1988, ordering the sale of thirteen head of cattle belonging to Ford. The sheriff levied on the cattle, sold them, and applied the proceeds, less the expenses of sale, toward payment of the judgment, leaving a balance due on the judgment of $3,396.00.

On September 28, 1988, the clerk issued an alias execution commanding the sheriff to levy on property belonging to Ford and to make therefrom the sum of $3,396.00, plus interest and expenses, in satisfaction of the judgment. The original judgment and its money recovery were referred to in the alias execution.

Ford paid the sheriff $4,370.00 under protest to stay his levy under the alias writ and then filed this suit for declaratory judgment and for a writ of injunction asking (1) for a declaration that the first sale and the alias execution be declared void, and (2) that the levy under the alias execution be permanently enjoined. The suit joined the sheriff and the clerk as parties defendant. After all parties filed motions for summary judgment, the court granted those of Wied, the sheriff, and the clerk and denied that of Ford.

In essence, Ford contends that the judgment could be enforced only by a sale of the thirteen head of cattle mentioned in the judgment, and therefore, the alias execution should not have been issued.

Although Wied and the officers mainly base their defense on the proposition that Ford is making an improper collateral attack on the prior judgment, we do not believe that is the dispositive point.

■ Ford had the right to bring suit to enjoin the execution if he claimed it was void or not in conformity with the judgment, or that the judgment had already been satisfied. *Dickenson v. McDermott,* 13 Tex. 248 (1855); *Houston & T.C.R. Co. v. Young,* 137 S.W. 380 (Tex.Civ.App.–Gal-

veston 1911, writ ref'd); Tex.Civ.Prac. & Rem.Code Ann. § 65.013 (Vernon 1986); 34 Tex.Jur.3d *Enforcement of Judgments* § 85 (1984). Ford's suit did not attack the validity of the prior judgment; in fact, he conceded that it was valid.

■ As Ford brought his suit within one year of the judgment and in the same court which rendered the judgment, he complied with the statutes and was entitled to have his cause heard. Tex.Civ.Prac. & Rem.Code Ann. §§ 65.014, 65.023 (Vernon 1986). We conclude, however, that the court, by summary judgment, properly denied the relief Ford sought.

■ Although the judgment granted a lien on thirteen of Ford's cattle and ordered them sold, it also granted a personal money judgment to Wied against Ford. When, therefore, the original execution and sale did not produce sufficient proceeds to satisfy the judgment, an alias execution directed to other property of the judgment debtor was proper. *Danciger v. State,* 140 Tex. 252, 166 S.W.2d 914 (1942); *Bailey v. Block,* 104 Tex. 101, 134 S.W. 323 (1911).

■ It was not necessary that the judgment specifically order that other executions issue for any deficiency, and the recitation in the judgment that "all relief not granted is denied" did not preclude the issuance of executions to collect the full amount of the judgment. The right to collect a money judgment by execution is inherent in the judgment and does not depend on specific recitals. *Danciger v. State, supra; Ryan v. Raley,* 48 Tex.Civ. App. 187, 106 S.W. 750 (Tex.Civ.App.1907, writ ref'd); *see also* Tex.R.Civ.P. 621.

The summary judgment evidence shows that the alias writ is not void, that it is not contrary to the judgment, and that the judgment had not been fully satisfied. Thus, summary judgment refusing the relief sought was proper.

■ Ford also complains because the court rendered summary judgment without conducting a hearing and without adequate notice. The record, however, reveals that a hearing was held and that Ford, through his counsel, agreed to the hearing and par-

ticipated in it. In that situation, any error is waived. *Davis v. Davis*, 734 S.W.2d 707 (Tex.App.–Houston [1st Dist.] 1987, writ ref'd n.r.e.).

The judgment is affirmed.